IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSHUA S. MILLER, | : | Civil No. 3:18-cv-0858 |
| Plaintiff, | : | |
| v. | : | |
| LUZERNE COUNTY DEPT. OF CORRECTIONS, *et al.*, | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the Court is self-represented Plaintiff Joshua Miller's motion for appointment of counsel (Doc. 37.) For the following reasons, the court will deny the motion without prejudice.

### BACKGROUND

Miller is an individual presently incarcerated at the Frackville State Correctional Institution (SCI-Frackville), in Frackville, Pennsylvania. He initiated this action concerning the events of April 19, 2016, that transpired while housed at the Luzerne County Correctional Facility (LCCF). Miller names the following LCCF employees as Defendants: Deputy Warden James Larson, Captain Orkwis, Lt. Damagauer, Sgt. Mike Rostkowski, Cpl. Renfer, Corrections Officer (CO) McCafferty, Prison Rape Elimination Act (PREA) Coordinator Kate Rominiski and CO Pokninchack.

Miller alleges that following an April 19, 2016 visit, prison officials strip searched him and discovered a straw filled with contraband in his pants. Miller claims that staff sexually assaulted him during the strip search. He also claims that Defendants retaliated against him after he filed a PREA complaint concerning the April 19, 2016 strip search. After Defendants answered the complaint, the court issued a scheduling order setting the close of discovery on May 26, 2020, and calling for the filing of dispositive motions on June 26, 2020. (Doc. 34.)

On January 21, 2020, Miller filed a motion for appointment of counsel based on his indigent status, the complexities of the issues involved and his inability to "fulfill discovery request[s] without the assistance of competent counsel." (Doc. 37.) In conjunction with his motion, he seeks advice from the court as to how to conduct discovery and request documentation from Defendants. (Doc. 38.)

STANDARD OF REVIEW

Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, the court has discretion to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); *see also Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). The United States Court of Appeals for the Third Circuit has outlined a two-step process that district courts should follow when considering whether to appoint counsel for an indigent civil litigant. *See Houser v.*

*Folino*, 927 F.3d 693, 697 (3d Cir. 2019).  As a threshold matter the district court must determine whether plaintiff's case has some arguable merit.  *Id*. (citing *Tabron*, 6 F.3d at 155).  "[I]t would be an abuse of discretion to appoint counsel to advance claims with no arguable merit in law and fact."  *Houser*, 927 F.3d at 698.  If the complaint meets the threshold requirement, the court then "should consider a number of additional factors that bear on the need for appointed counsel."  *Id.* (citing *Tabron,* 6 f.3d at 155).  These factors include:  (1) the plaintiff's ability to present his own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the plaintiff's capacity to retain counsel on his own behalf; (5) the extent to which a case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.  *Tabron*, 6 F.3d at 155 - 57.  While these factors are meant to guide the court in making its determination, they are not exhaustive, and the court may consider any other factor it deems relevant.  *Id*. at 157.  Moreover, the court may *sua sponte* appoint counsel under § 1915(d) at any point in the litigation.  *Id*. at 156.

 Finally, as district "courts have no authority to compel counsel to represent an indigent civil litigant," *id*. at 157 n.7, the Third Circuit Court of Appeals cautioned against the indiscriminate appointment of counsel in light of the limited supply of competent attorneys willing to accept such assignments.  *Id.* at 157.

DISCUSSION

In the instant case, Miller's complaint meets the threshold burden of asserting plausible First and Eighth Amendment claims. *See* Docs. 1, 14.  Thus, the court turns to examine the remaining *Tabron* factors.  Miller's ability to present his own case at this point is evident.  He is able to clearly communicate his arguments and claims to the court.  The legal issues involved are not complex and are narrowly defined.

Moreover, there is no reason Miller cannot conduct the necessary discovery to gather evidence in support of his claims.  Although Miller has expressed concerns over his limited skills as his own advocate, he has managed to timely respond to discovery posed by the LCCF Defendants. (Doc. 39.)  On his own he collected and forwarded 32 documents and responded to a set of interrogatories posed to him by defense counsel. (*Id.*)  While he seeks guidance from the court in conducting his own discovery, which advice this court cannot provide him, he does not suggest that he has attempted to serve defense counsel with discovery that has been ignored or remains unanswered. (Doc. 38.)  At this point, Miller's discovery "difficulties" are no different than those experienced by every other self-represented litigant, incarcerated or not.  If, however, discovery problems arise,

Miller may file a motion to compel Defendants' responses to his properly served discovery requests or renew his motion for counsel.

With respect to Miller's concern about his ability, or inability, to represent himself through pleadings, the court will review his pleadings liberally and hold them to a less stringent standard that that applicable to those drafted by lawyers. *See Fantone v. Latini*, 780 F.3d 184, 193 (3d Cir. 2015) (citing Haines *v. Kerner*, 404 U.S. 519, 520 - 21, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).

Additionally, it is premature for the court to conclude that this case will turn on credibility determinations. Because "it is difficult to imagine" a case where credibility is not important, the Third Circuit Court of Appeals has specified that "when considering this factor, courts should determine whether the case [is] solely a swearing contest." *Parham v. Johnson*, 126 F.3d 454, 460 (3d Cir. 1997). Here Miller suggest there is video footage, logbooks, and medical and dental records that will help piece together the events surrounding this case. (Doc. 37.) Therefore, the court finds this *Tabron* factor does not weigh in favor of appointing counsel.

CONCLUSION

Applying the relevant *Tabron* factors in this case, the appointment of counsel is not warranted at this time. Miller's motion for appointment of counsel (Doc. 37) will be denied without prejudice.

s/ Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: May 14, 2020