# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSHUA S. MILLER, | : Civil No. 3:18-cv-0858 |
| Plaintiff, | : |
| v. | : |
| LUZERNE COUNTY DEPT. OF CORRECTIONS, *et al.*, | : |
| Defendants. | : Judge Jennifer P. Wilson |

## **MEMORANDUM**

Presently before the Court is self-represented Plaintiff Joshua Miller's motion for leave to file an amended complaint. (Doc. 36.) For the following reasons, the court will deny Plaintiff's motion without prejudice to his right to file a separate lawsuit concerning events arising following his commencement of this action.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Miller commenced this action in April 2018, following his incarceration at the Luzerne County Correctional Facility (LCCF). He alleged that Defendants issued retaliatory misconduct reports for his filing of a Prison Rape Elimination Act (PREA) complaint following a post-visit April 19, 2016 strip search, during which he claims that he was sexually, physically, emotionally, and mentally abused. (Doc. 1.) During the strip search, prison officials found that Miller was in possession of a straw containing an unknown substance. (*Id.*)

When the court initially screened Miller's complaint, several claims were dismissed, and he was granted leave to file an amended complaint. (Doc. 14.) The court extended Miller's time to file an amended complaint on two occasions. (Docs. 17 and 20.) The court cautioned that Miller's failure to file an amended complaint would result in the action proceeding only on the strip search and retaliation claims against the Defendants that were not dismissed via the court's screening order. (Doc. 14.) On July 31, 2019, after Miller failed to file an amended complaint within the specified time or otherwise contact the court, the court directed service of the original complaint noting that it would proceed exclusively on his strip search and retaliation claims against Deputy Warden James Larsen; Capt. Orkwis; Lt. Damagauer; Sgt. Mike Rostkowski; Cpl. Renfer; CO McCafferty; CO Pokninchack and PREA Coordinator, Ms. Kate. (Doc. 21.) On November 22, 2019, the remaining Defendants filed an answer. (Doc. 32.) Shortly thereafter the court issued a scheduling order calling for the close of discovery by May 26, 2020, and the filing of dispositive motions by June 26, 2020. (Doc. 34.)

Miller was in state custody in April 2018, when he filed his complaint. (Doc. 1.) In February 2019, state prison officials temporarily transferred Miller to the LCCF. (Doc. 36.) He then returned to state custody in May 2019. (Doc. 18.)

On December 10, 2019, Miller filed a motion for leave to file an amended complaint to add additional claims of abuse arising from his February 2019 incarceration at the LCCF.  (Doc. 36.)  Miller did not file a brief in support of his motion or a proposed amended complaint.

STANDARD OF REVIEW

"The court should freely give leave" for a party to amend their complaint "when justice so requires." Federal Rule of Civil Procedure 15(a)(2).  The filing of an amended complaint is governed by Fed. R. Civ. P. 15(a):

> (1)  Amending as a Matter of Course.  A party may amend its pleading once as a matter of course within:
>
> (A)  21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15(a).

Rule 15(d) of the Federal Rules of Civil Procedure governs supplemental complaints and provides in part that "[o]n motion and reasonable notice, the court may, on just terms permit a party to serve a supplemental pleading setting out any

transaction, occurrence, or event *that happened after the date of the pleading to be supplemented*." (emphasis added).

## DISCUSSION

In this case, the court infers that Miller wishes to file a supplement to his complaint rather than an amended complaint because he seeks to include new claims of alleged constitutional violations that occurred during his February 2019 – May 2019 LCCF stay. The court will deny this request for the following reasons.

First, Miller did not file a copy of his proposed amended complaint with his motion. *See* Pa. M.D. Local Rule 15.1. He also did not file a brief in support of his motion. *See* Pa. M.D. Local Rule 7.5. For these reasons, the court will deny Miller's motion for leave to file an amended or supplemental complaint.

However, to be clear, even if Miller had complied with the Local Rules, the court would not allow Miller to supplement or amend his complaint at this juncture, absent a showing of good cause. Although Miller did not file a proposed amended complaint, he suggests that his amendment would include events that transpired during his February through May 2019 temporary detention at the LCCF. These events took place several years after the events alleged in his original complaint.

Moreover, Miller had until July 19, 2019, to file an amended complaint and could have included the claims related to his temporary placement at LCCF from

February through May 2019, at that point in time. Miller, however, failed to file an amended complaint or seek an enlargement of time to do so.

Finally, Miller cites no reason or excuse for his failure to file an amended complaint before December, 2019. The court cautioned Miller that his failure to file a timely amendment would result in the court moving forward on his two remaining claims, and Miller has not shown good cause for the court to disregard that caution. (Doc. 20.) Thus, the court will deny Miller's request to file an amended or supplemental complaint. The court's denial of Miller's request to file an amendment complaint to include events that occurred at LCCF in 2019, will not prejudice Miller, as he may file a separate action as to these claims.

An appropriate order follows.

s/ Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  May 14, 2020